UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12185-GAO

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,

v.

GEOFFREY J. EITEN and
NATIONAL FINANCIAL COMMUNICATIONS, CORP.,
Defendants.

ORDER
July 24, 2013

**FINAL JUDGMENT AS TO DEFENDANT
NATIONAL FINANCIAL COMMUNICATIONS, INC.**

O'TOOLE, D.J.

Defendant National Financial Communications, Corp. ("NFC" or "Defendant") having failed to plead or otherwise defend in this action and its default having been entered,

Now, upon application of the Securities and Exchange Commission ("Commission" or "Plaintiff") and affidavits demonstrate that Plaintiff is entitled to certain relief and that Defendant is a corporation and not an infant or incompetent person or in the military service of the United States.

Whereas, the Court having considered the prima facie case for relief shown by the Commission's Complaint and the Memorandum of Law in Support of Plaintiff Securities and Exchange Commission's Renewed Motion for Default Judgment, and the exhibit thereto, and there being no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b),

NOW THEREFORE BASED ON THE FOREGOING:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly;

(a) promoting, advertising, or marketing any issuer of any penny stock as defined by Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1];

(b) deriving compensation from the promotion, advertising, or marketing of any issuer of any penny stock;

(c) causing the promotion, advertising, or marketing of any issuer of any penny stock; or

(d) engaging in activities with a broker, dealer or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $605,262.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $38,819.67 and a civil penalty in the amount of $250,000.000 for each of the four violations for a total of $1,000,000.00 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying a total of $1,644,081.67 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

      Enterprise Services Center
      Accounts Receivable Branch
      6500 South MacArthur Boulevard
      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; National Financial Communications Corporation as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

      Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

      The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following the entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

                                    /s/ George A. O'Toole, Jr.
                                    United States District Judge