UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-12185-GAO

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,

v.

GEOFFREY J. EITEN and NATIONAL FINANCIAL COMMUNICATIONS, CORP.,
Defendants.

ORDER
September 30, 2014

O'TOOLE, D.J.

## I. Background

On December 12, 2011, the plaintiff, the Securities and Exchange Commission ("SEC"), filed suit against the defendants, National Financial Communication, Corp. ("NFC") and Geoffrey Eiten ("Eiten"). The SEC alleged that Eiten, through his business NFC, issued reports promoting penny stocks, called OTC Special Situations Reports, that were littered with material misrepresentations and omissions and were distributed in mass mailings and spam emails. Eiten answered, but his answer on behalf of NFC was stricken because as a non-lawyer, he could not represent a corporate party. A default judgment against NFC was entered on July 24, 2013. Eiten for himself later consented to a partial final judgment, agreeing to everything except for the amount of disgorgement and civil penalty. The SEC filed an agreement for judgment and a proposed final judgment to which Eiten consented. Under the terms of the settlement, Eiten agreed to a permanent injunction against violating any of the allegedly violated statutes and a permanent penny stock bar. He further agreed that the Court could order, in amounts it determined, disgorgement of ill-gotten gains, prejudgment interest, and a civil penalty.

The SEC now moves for remedies, requesting $605,262.00 in disgorgement, $71,767.14 in pre-judgment interest, and a civil penalty. Eiten contends that he should only be required to pay the SEC $1.00.

## II. Discussion

### A. Disgorgement

Disgorgement "does not serve to punish or fine the wrongdoer but simply serves to prevent unjust enrichment." SEC v. Happ, 295 F. Supp. 2d 189, 199 (D. Mass. 2003), aff'd 392 F.3d 12 (1st Cir. 2004). "Financial hardship does not preclude imposition of an order of disgorgement." SEC v. Inorganic Recycling Corp, 2002 WL 1968341, at *2 (S.D.N.Y. Aug. 23, 2002). After the SEC has calculated the amount of disgorgement, the burden shifts to the defendant to "demonstrate that the amount of disgorgement is not a reasonable approximation." Happ, 393 F.3d at 31 (citing SEC v. First City Fin. Corp., 890 F.2d 1215, 1232 (D.C. Cir. 1989)).

Eiten attempts to argue that the SEC's entire case against him is unwarranted. Because he has already settled, this argument is moot. He fails to meet his burden of explaining why the SEC's calculation of disgorgement and prejudgment interest is improper. The SEC's calculation, absent any explanation to the contrary, appears reasonable. It is based on bank records, other financial information, and documents produced by Eiten. The SEC utilized a forensic accountant to determine that $605,262.00 is the amount Eiten received to issue the promotional reports. (Hussain Aff. ¶¶ 9-13). The prejudgment interest, $71,767.14, was calculated using the Internal Revenue Service's rate for tax payment. (Hussain Aff. ¶ 13).

B.  Civil Penalty

The Securities Enforcement Remedies and Penny Stock Reform Act of 1990 ("Remedies Act") allows the SEC to seek civil penalties. It is up to the court to determine the amount of the penalty. 15 U.S.C. § 78u(d)(3)(i). The SEC has recommended a so-called third tier penalty. A third tier penalty is appropriate when "the violation . . . involved fraud, deceit, manipulation, or reckless disregards of a regulatory requirement and . . . such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. § 78u(d)(3)(iii). As noted above, pursuant to the settlement agreement, Eiten consented to the issuance of a civil penalty and can no longer argue that one should not be imposed.

While Eiten has consented and the Court does have the right to impose a penalty against him, imposing a third tier penalty is unnecessary. Eiten's ability to pay appears to be limited and the amount of disgorgement is already substantial. In addition, a third tier penalty should only be imposed if the violation "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." 15 U.S.C. § 78u(d)(3)(iii). The SEC argues that Eiten's false reports could have resulted in investor losses, but has not demonstrated any amount of actual losses that were substantial. The degree of exposure to risk is also a matter for speculation on the existing record.

The Remedies Act's purpose is "to achieve the dual goals of punishment of the individual violator and deterrence of future violations." SEC v. Kenton Cap., LTD, 69 F. Supp. 2d 1, 17 (D.D.C. 1998) (quoting SEC v. Moran, 944 F. Supp. 286, 296 (S.D.N.Y. 1996)). A civil penalty is clearly in order. A second tier penalty is appropriate when the violation "involved fraud, deceit, manipulation, or reckless disregard of a regulatory requirement." 15 U.S.C. §

78u(d)(3)(ii). Eiten's reports, which included material misstatements and omissions, did involve fraud and deceit. In addition, Eiten's reply to the SEC's motion for remedies makes clear that he does not admit to any wrongdoing, a factor which courts have considered when determining the amount of a civil penalty. See SEC v. Cavanaugh, 2004 WL 1594818, at *31 (S.D.N.Y. July 16, 2004) (listing factors to be considered in civil penalty assessments). Other factors include the repeated nature of the violations and the defendant's scienter. Id. Eiten's violations are repeated; he is charged with four. And although Eiten argues that he thought the reports were accurate, he also acknowledged that the information came from the internet and that it may "have not always be[en] 100% true." (Argument by Geoffrey Eiten at 2 (dkt. no. 54).) Accordingly, this Court will impose a second tier penalty of $50,000.

### III.    Conclusion

For the reasons stated therein, the defendant shall pay $605,262.00 as disgorgement of ill-gotten gains, prejudgment interest of $71,767.14, and a civil penalty of $50,000. The amounts will be reflected in the final judgment.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge